Dear Ms. Jones:
You ask substantially the following question:
Must tax collectors, acting as agents of the Department of Highway Safety and Motor Vehicles, participate in the electronic filing system authorized by section 320.03(10), Florida Statutes'
In sum:
Section 320.03(10), Florida Statutes, by providing that the electronic filing system shall apply uniformly to all tax collectors in the state, appears to mandate that all tax collectors participate in the electronic filing system.
Florida law requires licensed motor vehicle dealers to apply for the title and registration on behalf of their retail customers when a motor vehicle is purchased.[1] You state that traditionally this was accomplished by the physical delivery of the necessary paperwork and fees to the tax collector's office, which in turn would submit the application to the Department of Highway Safety and Motor Vehicles (DHSMV) using the Florida Realtime Vehicle Information System. You state that an electronic filing system (EFS) has been in use since 1996 and that the creation of section 320.23(10), Florida Statutes, during the 2009 legislative session, formally recognized it.[2] The department's position is that the language in section 320.23(10), Florida Statutes, requires all tax collectors in the state to offer the electronic filing system to dealers in their respective counties. At least three tax collectors have taken the position that they do not wish to allow electronic filing in their counties.
Section 320.03(1), Florida Statutes, prescribes the duties of tax collectors as follows:
"The tax collectors in the several counties of the state, as authorized agents of the department, shall issue registration certificates, registration license plates, validation stickers, and mobile home stickers to applicants, subject to the requirements of law, in accordance with rules of the department. . . ."
Subsection (10) of the statute, added during the 2009 legislative session, [3] recognizes that the outsourced electronic filing system for use by licensed motor vehicle dealers electronically to title and to register motor vehicles and to issue or to transfer registration license plates or decals is expressly preempted to the state. The subsection states:
"The department shall continue its current outsourcing of the existing electronic filing system, including its program standards. The electronic filing system is approved for use in all counties,shall apply uniformly to all tax collectors of the state,
and no tax collector may add or detract from the program standards in his or her respective county. A motor vehicle dealer licensed under this chapter may charge a fee to the customer for use of the electronic filing system, and such fee is not a component of the program standards. Final authority over disputes relating to program standards lies with the department. By January 1, 2010, the Office of Program Policy Analysis and Government Accountability, with input from the department and from affected parties, including tax collectors, service providers, and motor vehicle dealers, shall report to the President of the Senate and the Speaker of the House of Representatives on the status of the outsourced electronic filing system, including the program standards, and its compliance with this subsection. The report shall identify all public and private alternatives for continued operation of the electronic filing system and shall include any and all appropriate recommendations, including revisions to the program standards." (e.s.)
The plain language of subsection (10) is phrased in terms of "shall" and appears to impose a mandate rather than making application of EFS discretionary.[4] Had the Legislature wished to give tax collectors discretion in using the EFS, it could simply had stated that the system "may be used" or "shall apply uniformly if adopted" rather than directing its uniform application to all tax collectors.[5]
The 2009 legislation directed that a study be performed by the Office of Program Policy Analysis and Government Accountability (OPPAGA) on the status of the electronic filing system, including the program standards, and the system's compliance with the law. The report by OPPAGA was issued in January, 2010.[6] It initially states that Chapter 2009-206, Laws of Florida, directs all tax collectors to allow dealers to use the system and forecasts an increased use of the system "as all tax collectors implement the system as required by law."[7]
A review of the legislative history surrounding the enactment of Chapter 2009-206, Laws of Florida, does not reflect any discussion as to the intent of section 320.03(10), Florida Statutes, to make application of the EFS mandatory or discretionary.[8] The language creating subsection (10) was inserted on the floor of the Senate[9] and does not appear to have been a part of any companion or similar bills. A review of the recordings of that session indicates no discussion of whether it would require mandatory participation by all tax collectors or it would make participation optional.[10] As noted above, however, the language used in section 320.03(10), Florida Statutes, mandates the uniform application of the EFS to all tax collectors and a plain reading of the statute shows an intent to make the system applicable to all tax collectors within the state.
Accordingly, it is my opinion that section 320.03(10), Florida Statutes, by its approval of the use of the electronic filing system in all counties and by its clear application uniformly to all tax collectors of the state, requires that all tax collectors participate in the system. It may be advisable, however, to seek legislative clarification on this matter in order to avoid any confusion.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] See s. 319.23(6), Fla. Stat., stating:
"In the case of the sale of a motor vehicle or mobile home by a licensed dealer to a general purchaser, the certificate of title must be obtained in the name of the purchaser by the dealer upon application signed by the purchaser[.]"
[2] While this office has been provided with information about the creation and operation of the electronic filing system, as well as conflicting claims of ownership of the system, this office's comments are restricted to consideration of whether the language in s. 320.03(10), Fla. Stat., requires use of the system by all tax collectors.
[3] See s. 3, Ch. 2009-206, Laws of Fla.
[4] Words of common usage, when used in a statute, should be construed in their plain and ordinary sense. See Pedersen v.Green, 105 So. 2d 1, 4 (Fla. 1958). The word "shall" is defined as: "used in laws, regulations, or directives to express what is mandatory," Webster's Third New International Dictionary p. 2085 (unabridged ed. 1981); "This is the mandatory sense that drafters typically intend and that courts typically uphold," Black's Law Dictionary p. 1407 (eighth ed. 2004).
[5] See s. 791.001, Fla. Stat., stating: "This chapter [governing the sale of fireworks] shall be applied uniformly throughout the state." Cf s. 553.98, Fla. Stat., addressing the development of building codes for radon-resistant buildings, stating that "[t]he standards shall apply uniformly to the entire jurisdictions that adopt the standards."
[6] Motor Vehicle Electronic Filing System is Beneficial But Stronger Oversight Needed, OPPAGA Report No. 10-2, January, 2010.
[7] The report further states that the department has told non-participating tax collectors that they must allow the use of the electronic filing system. Non-participating tax collectors argue that citizens should not have to pay additional fees (allowed under the system) for title and registration, and are concerned about potential conflicts of interest in payment of the additional fees to the tax collectors' service corporation. No statute has been brought to this office's attention requiring a motor vehicle purchaser to utilize the EFS; rather it appears use of the EFS is the purchaser's option, as reflected in the program standards (Part VII, s. A.) stating that the service charge for EFS must be approved by the tax collector and be optional to the customer. Moreover, the Florida Commission on Ethics, in a letter to Mr. Kenza vanAssenderp, dated July 9, 1997, concluded that a tax collector who is an officer or director of either the Tax Collectors' Association or the Tax Collectors' Service Corporation would not be violating Florida ethics laws by participating in the electronic vehicle registration system.
[8] See House of Representatives Staff Analysis, CS/CS/HB 293, March 23, 2009.
[9] See Journal of the Senate, May 1, 2009, Amend. 943960.
[10] CD of Senate proceedings, May 1, 2009, Amend. 943960.